UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-22655-JEM/Becerra

NAAM PRODUCE, INC.,

        Plaintiff,

v.

PK PRODUCE, INC.

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** came before the Court on Plaintiff Naam Produce, Inc.'s Motion for Entry of Final Default Judgment Against Defendant PK Produce, Inc. ECF No. [9]. Plaintiff also filed supporting declarations of Larry Puma, the sole owner of Plaintiff, and of Robert John McCaffery, Jr., Plaintiff's counsel. ECF Nos. [9-1], [9-2]. Defendant did not file a response to the Motion, and the time to do so has passed. Upon due consideration of the Motion, supporting declarations, the pertinent portions of the record, and the applicable law, it is hereby **RECOMMENDED** that the Motion be **GRANTED**.

    **I.    BACKGROUND**

This is an action under the Perishable Agricultural Commodities Act, 1930 ("PACA"), 7 U.S.C. § 499a et seq., to enforce a reparation order issued by the Secretary of the U.S. Department of Agriculture against Defendant. ECF No. [1]. The Complaint alleges that Plaintiff is a licensed commission merchant, dealer or broker pursuant to the PACA engaged in the business of selling and shipping perishable agricultural commodities. *Id*. at ¶ 4. At all relevant times, Defendant was also allegedly a licensed commission merchant, dealer or broker pursuant to the PACA engaged in the business of purchasing and selling perishable agricultural commodities. *Id*. at ¶ 6.

According to the Complaint, Plaintiff shipped Defendant six loads of watermelons and honeydew melons from Florida to Ohio for an agreed upon price. *Id*. at ¶¶ 7-8. The sales invoices for these shipments state in pertinent part:

> If any action or proceeding is begun to enforce the terms of any transaction, Buyer agrees to pay all costs and expenses of enforcement, including reasonable attorney's fees as additional sums owed under the transaction and the PACA trust. The exclusive jurisdiction and venue for all civil litigation to enforce a transaction shall be only in Miami-Dade County, Florida regardless of conflict of laws. Buyer agrees to pay interest at 1.5% per month on overdue balances.

ECF No. [1-4] at 7-15. Defendant allegedly accepted these six loads of produce, but failed to make full and timely payment despite demand. ECF No. [1] at ¶¶ 8-9.

In October 2018, Plaintiff filed an informal complaint against Defendant with the USDA for failure to pay the remaining balance due for the six loads of produce, which totaled $32,723.80. *Id*. at ¶ 11. The USDA conducted an investigation and thereafter instructed Plaintiff to file a formal complaint with the USDA if it wished to pursue the matter. *Id*. at ¶ 14. Plaintiff did so and filed an administrative reparation complaint with the USDA on March 13, 2018, again seeking payment of the remaining balance due for the six loads of produce that Plaintiff sold to Defendant, plus interest. *Id*. at ¶ 15; ECF No. [1-4].

Defendant was served with a copy of Plaintiff's reparation complaint, but failed to timely file an answer. ECF No. [1-3]. Accordingly, on August 22, 2019, the Secretary entered a Default Order for a reparation award in favor of Plaintiff and against Defendant (the "Reparation Order"). A copy of the Reparation Order is attached to the Complaint. *See* ECF No. [1-3]. The Secretary adopted the facts alleged in Plaintiff's reparation complaint as findings of fact in the Reparation Order, and determined that Defendant violated section 2 of the PACA based upon its failure to make full payment to Plaintiff for the six loads of produce delivered. *Id*. at 1. The Secretary ruled

that "[Defendant] shall pay to [Plaintiff], as reparation, the amount set forth in the reparation award, which I find to be the amount of damages to which [Plaintiff] is entitled for [Defendant's] violation or violations of section 2 of the PACA (7 U.S.C. § 499b)." *Id*. at 3.  Specifically, the Reparation Order required that Defendant, within thirty days, pay Plaintiff as reparation the sum of $32,723.80 plus interest at the rate of 18% per annum (which is 1.5% per month) from October 1, 2018 until paid, as well as the filing fee of $500.00.  *Id*. at 3.  Defendant was served with a copy of the Reparation Order, *id*., but did not appeal or dispute it, nor has Defendant made payment as required.  ECF No. [1] at ¶¶ 20-21.

## II.   THE INSTANT ACTION

On August 21, 2022, Plaintiff filed this lawsuit, asserting one claim against Defendant for "Enforcement of Liability for Reparation Award Issued by the U.S. Secretary of Agriculture, per 7 U.S.C. § 499g(b)."  *Id*.  Plaintiff seeks enforcement of the Reparation Order "via the entry of a final judgment" awarding Plaintiff (i) the principal amount of $32,723.80 plus interest at the rate of 18% per annum from October 1, 2018 until fully paid, (ii) PACA filing costs of $500.00, (iii) costs of this action, including the filing fee, and (iv) reasonable attorney's fees incurred prosecuting this action.  *Id*. at ¶ 25.  On October 13, 2022, Plaintiff served Defendant with process by serving its registered agent, Milton D. Dahl.  ECF No. [4].

Defendant did not timely file a response to the Complaint.  On November 21, 2022, Plaintiff's counsel contacted Mr. Dahl to inform him that a default could be entered against Defendant and inquired whether Defendant intended to defend against this action.  ECF No. [9] at 4.  Plaintiff also emailed Mr. Dahl another copy of the Complaint, as well as a copy of the affidavit of service.  *Id*. Mr. Dahl informed Plaintiff that he forwarded Plaintiff's correspondence to Defendant's current counsel, George Argie, and that Mr. Argie instructed Mr. Dahl to advise Plaintiff that "the information was passed on."  *Id*.  Prior to service, Plaintiff emailed Mr. Argie a

3

copy of the Complaint, proposed summons and waiver of service, but Mr. Argie did not respond. *Id*. at 3. Plaintiff again emailed Mr. Argie on November 23, 2022 to inquire if he represented Defendant and if Defendant intended to defend against this action. *Id*. at 4. Plaintiff also informed Mr. Argie that Plaintiff intended to seek a default against Defendant. *Id*. Mr. Argie did not respond to Plaintiff's email. *Id*.

On November 28, 2022, the Clerk entered a default against Defendant for failure to appear, answer or otherwise defend against the Complaint. ECF No. [6]. The next day, the Court entered an Order on Final Default Judgment Procedure which, among other things, required Defendant to file a response to the Complaint and a motion to set aside the Clerk's Default by December 12, 2022. ECF No. [7]. On December 1, 2022, Mr. Argie emailed Plaintiff stating only that he would not be entering an appearance in this case on behalf of Defendant. ECF No. [9] at 5. Defendant did not comply with the Court's Order on Final Default Judgment Procedure, nor did any attorney file an appearance on its behalf as is required for a corporation to participate in this action. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. July 5, 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel.").

### III.    INSTANT MOTION

Plaintiff thereafter filed its Motion for Default Final Judgment. ECF No. [9]. Plaintiff asks the Court to adopt the finding of the Secretary that Plaintiff's damages were incurred by Defendant's violation of 7 U.S.C. § 499b, and award Plaintiff (i) the principal amount of $32,723.80 plus interest at the rate of 1.5% per month from October 1, 2018 through August 22, 2019 and interest at the rate of 18% per annum from August 22, 2019 until fully paid, (ii) $500.00 in PACA filing costs, (iii) taxable costs in the amount of $400.00, which represents the filing fee

in this action and (iv) reasonable attorney's fees for prosecuting this action in the amount of $5,337.70. *Id*. at 13-14.

## IV. ANALYSIS

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1).

A default admits plaintiff's well-plead allegations of fact. *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, in determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard).

Once liability has been established, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)) (quotations omitted). Rule 55 does not require an evidentiary hearing on damages where the amount claimed is either liquidated or capable of arithmetic calculation. *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 Fed. Appx. 737, 746–47

(11th Cir. 2017) ("[E]videntiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages") (quotations omitted); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that under Rule 55, district courts are not required to conduct evidentiary hearings).

**A. Plaintiff Is Entitled To Enforce The Reparation Order.**

The PACA sets forth the applicable framework to enforce a reparation order issued by the Secretary. In particular, the statute provides in pertinent part that:

> If any commission merchant, dealer, or broker does not pay the reparation award within the time specified in the Secretary's order, the complainant, or any person for whose benefit such order was made, may within three years of the date of the order file in the district court of the United States for the district in which he resides or in which is located the principal place of business of the commission merchant, dealer, or broker, or in any State court having general jurisdiction of the parties, a petition setting forth briefly the causes for which he claims damages and the order of the Secretary in the premises.

7 U.S.C. § 499g(b). The statute further instructs that:

> The orders, writs, and processes of the district courts may in these cases run, be served, and be returnable anywhere in the United States. Such suit in the district court shall proceed in all respects like other civil suits for damages, except that the findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated, and the petitioner shall not be liable for costs in the district court, nor for costs at any subsequent state of the proceedings, unless they accrue upon his appeal. If the petitioner finally prevails, he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit.

*Id.* Upon a careful review of the Complaint, the undersigned concludes that Plaintiff has met its burden to enforce the Reparation Order.

Specifically, Plaintiff alleges that Defendant is a dealer, broker or commission merchant subject to the PACA. ECF No. [1] at ¶ 6. The Complaint attaches the Reparation Order that the

6

Secretary issued in favor of Plaintiff and against Defendant, and sets forth the amounts that Plaintiff is owed thereunder, namely the principal amount of $32,723.80 plus interest at the rate of 1.5% per month from October 1, 2018 through August 22, 2019 and interest at the rate of 18% per annum from August 22, 2019 until fully paid, and the $500.00 fee that Plaintiff paid to file its administrative complaint.  *Id*. at ¶ 18; *see also* ECF No. [1-3].  Plaintiff further alleges that Defendant has not paid the reparation award within the thirty-day deadline set forth in the Reparation Order.  ECF No. [1] at ¶ 21.  These factual allegations are deemed admitted by virtue of Defendant's default.  The undersigned also notes that the Reparation Order adopted the facts set forth in Plaintiff's administrative complaint as findings of the Secretary, and further found that Defendant violated section 2 of the PACA by failing to fully pay Plaintiff for the six loads of produce that Plaintiff delivered.  The Court is required to accept these findings as "prima-facie evidence of the facts therein stated." 7 U.S.C. § 499g(b).

Accordingly, the undersigned concludes that Plaintiff has properly stated an enforcement claim under 7 U.S.C. § 499g(b) and, as such, is entitled to recover the amounts awarded in the Reparation Order.  These amounts are sums certain, and the Reparation Order makes clear how they were calculated.  Thus, the undersigned finds that Plaintiff has sufficiently established the amount of damages to be awarded pursuant to the Reparation Order.

### B. Plaintiff Is Entitled To Attorney's Fees and Costs.

As mentioned, the PACA provides for the recovery of reasonable attorney's fees when a petitioner successfully enforces a reparation award in the district court.  *See* 7 U.S.C. § 499g(b) ("If the petitioner finally prevails, he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit.").  The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorney's fees.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  To determine a lodestar amount, a court must

7

ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Id.*; *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). A "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Norman*, 836 F.2d at 1303. The Court may also consider its own knowledge and expertise to determine a reasonable hourly rate. *Id.*

Plaintiff seeks $5,337.70 in attorney's fees, which is based upon 15.25 hours expended by its counsel at an hourly rate of $350.00. ECF No. [9-2]. Plaintiff's counsel submitted a declaration explaining his experience and qualifications, as well as the tasks that he performed for which attorney's fees are sought. *Id*. The amount of fees requested does not include all of the work that Plaintiff's counsel performed, as he excluded or discounted the time that he spent on certain tasks. *Id*. at ¶¶ 9-10. Upon a careful review of the record and the Court's own experience, the undersigned concludes that the hourly rate sought and the number of hours that Plaintiff's counsel expended are both reasonable. Accordingly, the undersigned finds that Plaintiff is entitled to $5,337.70 in reasonable attorney's fees.

The PACA also entitles Plaintiff to recover its costs incurred prosecuting this action. *See* 7 U.S.C. § 499g(b) ("[T]he petitioner shall not be liable for costs in the district court...."). Plaintiff seeks $400.00 in costs, which represents the filing fee that it paid to file the Complaint. *Id*. at ¶ 11. This cost is plainly recoverable. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315-16 (S.D. Fla. 2009) (filing fees are recoverable under 28 U.S.C. § 1920).

## V.     CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Default Final Judgement, ECF No. [9], be **GRANTED** and the Court enter Final Judgment expressly finding that Plaintiff's damages were incurred by Defendant's violation of section 2 of the PACA, 7 U.S.C. § 499b, and awarding Plaintiff (i) the principal amount of $32,723.80 plus interest at the rate of 1.5% per month from October 1, 2018 through August 22, 2019 and interest at the rate of 18% per annum from August 22, 2019 until fully paid, (ii) $500.00 in administrative costs, and (iii) reasonable attorney's fees and costs totaling $5,737.70.

## VI.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation.  The undersigned has shortened the objection period because the Defendant has not made any appearance in this lawsuit.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."   11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on July 28, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**